IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO CABRERA, | : | |
| Petitioner, | : | CIVIL NO. 3:CV-07-1884 |
| v. | : | (Judge Caputo) |
| WARDEN DAVID J. EBBERT[1], | : | |
| Respondent. | : | |

**MEMORANDUM**

Petitioner Jose Antonio Cabrera, an inmate confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, commenced this action by filing a Petition for writ of habeas corpus (Doc. 1) pursuant to the provisions of 28 U.S.C. § 2241. Cabrera currently is serving a seventy (70) month term of imprisonment imposed by the United States District Court for the Southern District of New York following his conviction of illegal re-entry by a deported alien. He challenges the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, he claims that he should receive a credit toward his federal sentence for time when he was serving a sentence imposed by the State of New York. For the reasons set forth below, the Petition will be denied.

---

[1] Petitioner named "Warden Everette" as the respondent to the Petition. The Response notes that the name of the Warden of FCI Allenwood is David J. Ebbert. The Clerk of Court is directed to correct the docket accordingly.

**BACKGROUND**

The following background is adapted from the Declaration of Cheryl A. Pauley, Correspondence/Policy Specialist at the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, in which she certifies that Cabrera's federal sentence has been computed in accordance with 18 U.S.C. §§ 3584 and 3585 and BOP Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984).  (*See* Doc. 12-2 at 3, Declaration of Cheryl A. Pauley.)

On August 26, 2003, Cabrera was arrested by the New York City Police Department in the Bronx, New York, and charged with attempted assault in the second degree.  (Doc. 12-2 at 4 ¶ 5.)  On June 30, 2004, he was sentenced to a term of imprisonment of eighteen (18) months to three (3) years on this charge.  (*Id.*)

On September 29, 2005, while serving his New York State sentence, Cabrera was arrested by officials from the United States Immigration and Customs Enforcement ("ICE") Office and charged with illegal re-entry by a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2).  (*Id.* ¶ 6; Doc. 12-2 at 8, Presentence Investigation Report.)  On that same date, Cabrera was taken into federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*.  (Doc. 12-2 at 4 ¶ 6; Doc. 12-2 at 8.)

On July 12, 2006, Cabrera was sentenced by the United States District

Court for the Southern District of New York to a term of imprisonment of seventy (70) months on the illegal re-entry charge. (Doc. 12-2 at 4 ¶ 7; Doc. 12-2 at 12, copy of 7/12/06 Judgment.)

At the time the federal sentence was imposed, Cabrera was in the temporary custody of federal officials pursuant to the writ *ad prosequendum* and the primary custody of the State of New York because he still was serving his eighteen (18) month to three (3) year state sentence. (Doc. 12-2 at 5 ¶ 8.) On August 20, 2006, while he was in temporary federal custody, Cabrera's state sentence expired, and he was discharged from that sentence via maximum expiration. (*Id.* at 15, New York Department of Correctional Services Inmate Information Record.[2])

Cabrera's federal sentence originally was computed by the BOP as commencing on September 13, 2006. (*Id.* at 5 ¶ 9; Doc. 12-2 at 18, BOP Sentence Monitoring Good Time Data Report as of 12/1/06.) However, in April 2007, Cabrera's computation was updated in accordance with BOP Program Statement 5880.28 and 18 U.S.C. § 3585(a) to commence the seventy (70) month term as of August 20, 2006, the date his New York state sentence expired. (Doc. 12-2 at 5 ¶ 9; Doc. 12-2 at 20-21, BOP Sentence Monitoring Computation Data as of 1/15/08.) Cabrera's current projected release date is October 12, 2011, via good conduct time release. (Doc. 12-2 at 20.)

---

[2]Cabrera is identified in state records as "Victor Martinez." The Presentence Investigation Report issued in his illegal re-entry case indicates that "Victor M. Martinez" is one of Cabrera's aliases. (*See* Doc. 12-2 at 8.)

On October 17, 2007, Cabrera filed the instant Petition (Doc. 1) and supporting Memorandum of Law (Doc. 2).  In his Petition, he requests that this Court direct the BOP to grant him a credit toward his federal sentence for the time period from December 3, 2003, the date a federal detainer was issued by the ICE Office, through September 28, 2006, the date he claims to have been sentenced on the federal illegal re-entry charge.[3]  (*See* Doc. 2 at 3-5.)  On January 7, 2008, Respondent was directed to answer the allegations in the Petition within twenty (20) days.  (Doc. 8.)  A Response (Doc. 12-1) and supporting Exhibits (Doc. 12-2) were submitted on January 28, 2008.  On February 14, 2008, Cabrera filed his Reply.  (Doc. 13.)  Therefore, the matter is ripe for consideration.

**DISCUSSION**

The Attorney General has delegated the authority to the Director of the BOP to compute federal sentences for offenses committed on or after November 1, 1987.  *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.

---

[3] The Judgment of the United States District Court for the Southern District of New York reflects that Cabrera was sentenced on July 12, 2006.  (*See* Doc. 12-2 at 12-13.)

Section 3585(a) provides as follows:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

A federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). Further, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum. Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996). Time spent in custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* from state custody is not federal custody in connection with the federal offense. *See Chambers*, 920 F. Supp. At 622; *see also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); BOP Program Statement 5880.28, *Sentence Computation Manual*, Ch. I. p. 20B. Rather, the jurisdiction which first arrested the offender has primary jurisdiction over him until it relinquishes jurisdiction, by, for example, bail release, dismissal of the state charges, parole release, or, as in this case, expiration of the state sentence. *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

In the instant case, Cabrera's sentence commenced on August 20, 2006, the date that his New York state sentence expired via maximum release. His federal sentence did not commence either on December 4, 2003, the date a federal detainer was issued, or on September 29, 2005, the date he actually was "borrowed" from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *See Chambers*, 920 F. Supp. at 622. Similarly, his federal sentence could not commence on the date it was imposed, July 12, 2006, because at that time, even though he was in temporary federal custody pursuant to a writ *ad prosequendum,* he still was in the primary custody of state authorities serving his New York state sentence. *See id.*; *see also Thomas,* 962 F.2d at 361 n.3; BOP Program Statement 5880.28, *Sentence Computation Manual*, Ch. I, p. 20B.

To the extent Cabrera contends that his federal sentence should have run concurrently with his New York state sentence, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Here, the July 12, 2006 Judgment of the United States District Court for the Southern District of New York imposing Cabrera's seventy (70) month sentence did not state that Cabrera's sentence was to run concurrently with his New York state sentence. Therefore, the BOP properly set the commencement date of Cabrera's federal sentence on August 20, 2006, the day his New York state sentence expired, such that his federal sentence is running consecutively to his state sentence.

The second step in computing a federal sentence is to determine the amount of credit, if any, an inmate should receive for time spent in custody prior to the commencement of his federal sentence. Section 3585(b) provides as follows:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added.)

The last clause of section 3585 provides that time spent in custody cannot be credited toward a federal sentence if it already was credited toward a non-federal sentence. 18 U.S.C. § 3585(b); *see also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. In this case, Cabrera was not awarded any prior custody credit toward his federal sentence because the time that he served from the date of his arrest (August 26, 2003) through the date of his release from his New York state sentence (August 20, 2006) was applied to his state sentence. (*See* Doc. 12-2 at 5 ¶¶ 8, 9.)

The BOP properly set the commencement of Cabrera's federal sentence on August 20, 2006, the date he was released from his New York state sentence

via maximum expiration, and properly did not award him credit against his federal sentence for time that already was credited toward his state sentence. Accordingly, the Petition will be denied.  An appropriate Order follows.


October 20, 2008                                         s/ A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ANTONIO CABRERA,  :
                        :
        Petitioner,  :  CIVIL NO. 3:CV-07-1884
                        :
    v.                 :  (Judge Caputo)
                        :
WARDEN DAVID J. EBBERT,  :
                        :
        Respondent.  :

## ORDER

**AND NOW, THIS 20th DAY OF OCTOBER, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

                                      s/ A. Richard Caputo
                                      A. RICHARD CAPUTO
                                      United States District Judge